IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
August 6, 2019 Session

## CHRISTOPHER BROWN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 13-05989        J. Robert Carter, Jr., Judge**

————————————————————

## No. W2018-01705-CCA-R3-PC

————————————————————

JOHN EVERETT WILLIAMS, P.J., dissenting.

I respectfully dissent from the majority's opinion, concluding that post-conviction counsel had an actual conflict of interest and granting a new hearing, because I conclude that the issue is waived.

As our supreme court has recognized, if a post-conviction court "is aware of should be aware of a conflict of interest, there must be an inquiry as to its nature and appropriate measures taken." *Frazier v. State*, 303 S.W.3d 674, 680 (Tenn. 2010) (citing *Cryler v. Sullivan*, 446 U.S. 335, 346-47 (1980)). "In determining whether to disqualify an attorney in a criminal case, the trial court must first determine whether the party questioning the propriety of the representation met its burden of showing that there is an actual conflict of interest." *State v. White*, 114 S.W.3d 469, 476 (Tenn. 2003) (citing *Clinard v. Blackwood*, 46 S.W.3d 177, 187 (Tenn. 2001); *State v. Culbreath*, 30 S.W.3d 309, 312-13 (Tenn. 2000); *State v. Jones*, 726 S.W.2d 515, 520-21 (Tenn. 1987)).

Post-conviction counsel never filed a motion to withdraw setting forth the circumstances to support an alleged conflict of interest, and he never sought an evidentiary hearing in order to establish that such a conflict of interest existed. Post-conviction counsel also stated at the beginning of the evidentiary hearing that "[t]here is no issue as far as conflict." Rather, post-conviction merely had an informal discussion with the post-conviction court regarding the issue during which the court determined that no actual conflict of interest existed. Counsel made no other effort to meet his burden in establishing an actual conflict of interest. Because post-conviction counsel failed to file a formal motion to withdraw, failed to request that he be allowed to withdraw on the record, and failed to request a hearing on the record in order to meet the burden of establishing a conflict of interest, I conclude that this issue is waived. *See* Tenn. R. App. P. 36(a) ("Nothing in this rule shall be constructed as requiring relief be granted to a

party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."). While the majority relies upon the record of the hearing itself and post-conviction counsel's questioning of the trial counsel to conclude that an actual conflict of interest existed, I do not reach the same conclusion upon my review of the record.

I would affirm the post-conviction court's judgment in this case. Accordingly, I respectfully dissent.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE